IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3117 |
| | ) | |
| v. | ) | |
| | ) | |
| TRAVES RUSH, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Predicated upon *Descamps v. United States*, 133 S. Ct. 2276 (2013) (courts may not apply the modified categorical approach to sentencing under ACCA when the crime of which the defendant was convicted has a single, indivisible set of elements) and *Alleyne v. United States*, 133 S. Ct. 2151 (2013) (any fact that increases mandatory minimum sentence for crime is "element" of crime, not "sentencing factor," that must be submitted to jury, overruling *Harris v. United States*), the defendant has filed a section 2255 motion.

However, since the defendant did not seek permission from the Court of Appeals to file this second or successive motion (*see*, *e.g.*, filing no. 239), and since neither Supreme Court case has been deemed to be retroactive by the Supreme Court, *see*, *e.g.*, *Groves v. United States*, --- F.3d ----, 2014 WL 2766171*4 (7th Cir., June 19, 2014. * 4 ("To date, the Supreme Court has not made *Descamps* retroactive on collateral review."); *United States v. Reyes*, --- F.3d ----, 2014 WL 2747216 *2 (3rd Cir., June 18, 2014) ("the Supreme Court has not chosen to apply *Alleyne's* new rule retroactively to cases on collateral review."),

IT IS ORDERED:

1. The Motion to Vacate under 28 U.S.C. § 2255 (filing no. 243) is denied for these separate reasons: (a) the pending motion is a second or

successive 2255 motion for which no permission to file has been obtained from the Court of Appeals and (b) the motion has no merit.

2. A separate judgment will be issued. No certificate of appealability will be issued by the undersigned.

DATED this 4th day of August, 2014.

                            BY THE COURT:

                            *Richard G. Kopf*
                            Senior United States District Judge